**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2566
_____

ENRICO FABIANO LANZA,
Appellant

v.

MICHAEL A. MOCLOCK, M.D.; KAREN (MERRITT) SCULLY;
WEXFORD HEALTH SERVICES, INC.;
THOMAS S. MCGINELY, Superintendent of S.C.I. Coal Township;
NICHOLLE L. BOGUSLAW, Physicians Assistant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-17-cv-01318)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 17, 2020
Before:  MCKEE, GREENAWAY, JR. and BIBAS, Circuit Judges

(Opinion filed January 8, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Enrico Lanza, proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his complaint. For the reasons that follow, we will summarily affirm the District Court's judgment.

Lanza commenced this action in July 2017, pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights by various officials and employees of the Pennsylvania State Correctional Institute at Coal Township ("SCI-Coal Township"), where Lanza was incarcerated at the time of the events. He alleged that after he separated and fractured his shoulder in 2011, the medical staff at SCI-Coal Township failed to provide him with adequate medical care, despite his repeated grievances. He also claimed that after an operation on his back in 2016 at an off-site facility, SCI-Coal Township's staff did not adhere to the follow-up treatment recommended by the surgeon. Finally, he claimed he was improperly charged for co-pays and medication for his condition.

For relief, Lanza asked the court to order "immediate medical care from a specialist," and require the SCI-Coal Township medical staff "to comply with the recommendations of the specialist." He also requested that the court have the professional licenses of Defendants Moclock and Boguslaw revoked, Defendants Merritt-Scully and McGinley terminated, and the contract between the Pennsylvania Department of Corrections ("DOC") and Wexford Services cancelled. Finally, he sought significant monetary damages from each defendant.

2

Defendants Merritt-Scully and McGinley filed a joint answer to the complaint, asserting various affirmative defenses. Defendants Moclock, Boguslaw, and Wexford then filed motions to dismiss. The District Court granted the motions to dismiss and sua sponte dismissed the claims against Merritt-Scully and McGinley. Lanza timely filed a notice of appeal.

I.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the grant of a motion to dismiss pursuant to Rule 12(b)(6), see Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018), and apply the same standards to a dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B), see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff, Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012), and construe Lanza's pro se complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

3

II.

As an initial matter, we note that to the extent Lanza seeks prospective injunctive relief ordering medical care, his claims are moot. Lanza has been released from SCI-Coal Township, and apparently from DOC custody entirely, and thus none of the named defendants remain responsible for his medical care. See Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims." (citing Abdul–Akbar v. Watson, 4 F.3d 195, 197 (3d Cir. 1993))). Moreover, granting any of Lanza's requests to revoke defendants' professional licenses or terminate their employment—even assuming such actions were within a court's equitable powers—would "ignore[] the basic tenet of equity jurisprudence: if an adequate remedy at law exists, equitable relief will not be granted." Goadby v. Phila. Elec. Co., 639 F.2d 117, 122 (3d Cir. 1981).[1] Therefore, our discussion concerns only Lanza's claims for monetary damages.

A. Defendants Moclock and Boguslaw

Lanza asserted claims against Dr. Michael Moclock and Nicholle Boguslaw, a physician assistant, for deliberate indifference to his medical needs in violation of the Eighth Amendment. Specifically, he alleged that after a 2011 incident in which he

---

[1] Lanza filed a document titled "Criminal Complaint" against Defendants McGinley and Merritt-Scully. See ECF No. 25. The District Court held that neither it nor Lanza had the authority to initiate such charges, see Mem. at 28 n.4, ECF No. 40, and we agree. He also sought to have the Bureau of Professional and Occupational Affairs prosecute Defendants Moclock and Boguslaw but was properly rebuffed. See Compl. at 57, ECF No. 4.

4

fractured and separated his shoulder, these defendants denied his requests for medical treatment. Then, following his surgery at an outside facility for spinal stenosis in 2016, the defendants did not give him the precise follow-up treatment recommended by the surgeon. Finally, he asserts that he was improperly charged for sick call co-pays and pain relief medication for a condition he claims is "chronic." For the reasons that follow, the District Court properly granted the motion to dismiss these claims.

The District Court properly held that many of Lanza's claims were time barred. The two-year state statute of limitations for a personal injury claim applies to Lanza's § 1983 claim. See Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010); 42 Pa. Cons. Stat. § 5524. While actions that amount to "continuing violations" may toll the running of the statute so long as some acts complained of fall within the limitations period, see Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001), "time-barred claims cannot be resurrected by being aggregated and labeled continuing violations," O'Connor v. City of Newark, 440 F.3d 125, 129 (3d Cir. 2006). Here, Lanza's complaint asserts claims beginning in 2011, six years before he brought his action. As the District Court noted, Lanza's prayer for monetary relief of "One (1) Million Dollars for every year [he] suffered," Compl. at 6, ECF No. 4, "speaks unambiguously" to the statute of limitations problems with his claims, Mem. at 13, ECF No. 40.[2] Lanza has not adequately

---

[2] Lanza's response to defendants' motions to dismiss expressed concern about the citation to "(Doc. 4, Section II(C), page 2 of 63)" as the source of the dates of events leading to his action. See Resp. at 1, ECF No. 39. We reassure Lanza that this citation is not to confidential medical records, but to his own Complaint, where he answered the question

pled his claims to establish the continuing violations doctrine's applicability, or any other justification for equitable tolling of the statute of limitations. We thus agree with the District Court that any claims that accrued prior to July 2015 are barred.

Although Lanza's remaining Eighth Amendment claims were timely, the District Court properly granted defendants' motion to dismiss. To sustain such a claim under § 1983, a plaintiff must make a subjective showing that "the defendants were deliberately indifferent to [his or her] medical needs" and an objective showing that "those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). "[I]ntentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed" will clearly establish a violation, Estelle v. Gamble, 429 U.S. 97, 104–05 (1976), yet a plaintiff's "mere disagreement" with a medical provider as to proper treatment is insufficient, Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (quoting Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987)). In addition, "the deliberate indifference standard of Estelle does not guarantee prisoners the right to be entirely free from the cost considerations that figure in the medical-care decisions made by most non-prisoners in our society." Reynolds v. Wagner, 128 F.3d 166, 175 (3d Cir. 1997).

Lanza attached to his complaint exhaustive records of his communications with the medical staff and prison administration through requests for treatment and grievances.

---

"What date and approximate time did the events giving rise to your claim(s) occur?" with "May 2011 – and 2016 thru [sic] 2017." See Compl. at 2, ECF No. 4.

6

Rather than demonstrating deliberate indifference, Lanza's records show that he was treated with a variety of medications and seen regularly by medical staff at his request. The very fact that he was seen at an outside facility and underwent surgery for his spinal stenosis shows the extent to which he did receive treatment. As the District Court found, "the allegations in the complaint amount to nothing more than Lanza's subjective disagreement with the treatment decisions and medical judgment of the medical staff at the prison." Mem. at 17, ECF No. 40. Moreover, Lanza's complaints about charges for co-pays and over-the-counter pain relievers do not rise to the level of an Eighth Amendment violation; nor do they give rise to a Fourteenth Amendment violation, since he clearly had access to the grievance procedures as an available post-deprivation remedy. See Reynolds, 128 F.3d at 174–75. The District Court therefore properly granted the motion to dismiss.

B. Defendants Merritt-Scully and McGinley

The District Court also sua sponte dismissed Lanza's claims against Karen Merritt-Scully and Thomas McGinley. While these defendants had not filed a motion to dismiss, they had included in their answer to Lanza's complaint affirmative defenses based on the statute of limitations and failure to state a claim. The District Court exercised its authority under 28 U.S.C. § 1915(e)(ii)(B) to dismiss Lanza's claims against these defendants. For the same reasons stated above, the statute of limitations barred any claims prior to July 2015. Furthermore, Lanza's allegations against these defendants rested on grounds that do not amount to cognizable § 1983 claims. See Rode v.

7

Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (holding that grievance review alone is not sufficient "personal involvement" for liability in a civil rights action, nor is respondeat superior a proper theory of liability in such action). Therefore, the District Court properly dismissed Lanza's claims against these defendants.

## C. Wexford Services

The District Court also properly dismissed Lanza's claims against Wexford Services for failing to provide adequate medical care and for negligently hiring Dr. Moclock. See Compl. at 7, ECF No. 4. While Lanza is correct that the original contract between Wexford and the Pennsylvania Department of Corrections was intended to run until 2017, see Resp. to Mot. to Dismiss at 2, ECF No. 39, the contract was in fact later modified, and, as the District Court noted, terminated on August 31, 2014.[3] We therefore agree with the District Court's conclusion that Wexford had no involvement in Lanza's care after that date, and any claims prior to that date are barred by the statute of limitations. Thus, the District Court properly granted Wexford's motion to dismiss.

## D. Leave to Amend

Lastly, we conclude that the District Court did not abuse its discretion by denying Lanza an opportunity to amend the complaint to better support his claims; as the District

---

[3] See Mem. at 26–27, ECF No. 40; Release, Pa. Treasury, Cont. No. AGR-15-213 (May 26, 2015), https://patreasury.gov/transparency/e-library//ContractFiles/314505_AGR-15-213%20Wexford%20Health%20Sources%2C%20Incorporated.pdf. We note that for the same reason, Lanza's prayer for cancellation of the contract between Wexford and the DOC—even assuming it would be within a court's equitable powers to do so—is moot.

8

Court explained, such amendment would be futile. See Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) (holding that a district court need not permit a curative amendment if such amendment would be futile); Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010). Here, the District Court concluded that the legal and factual flaws in Lanza's claims rendered any attempt at amendment futile. As we affirm that determination for the reasons discussed above, the District Court did not abuse its discretion in denying leave to amend.

### III.

For the foregoing reasons, Lanza's appeal fails to present any substantial question, and we will summarily affirm the District Court's judgment.[4]

---

[4] Lanza's motion to appoint counsel is also denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (holding that the "arguable merit" of a claim is a "threshold matter" to the exercise of discretion in appointing counsel under § 1915).